UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS INC.,

Plaintiff,

v.

MAMIYA AMERICA CORPORATION, d/b/a MAC GROUP,

Defendant.

Case No. 2:19-cv-01340

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff National Products Inc. ("NPI") brings this action against Defendant Mamiya America Corporation, d/b/a MAC Group ("MAC Group") for an injunction, damages, and other appropriate relief to stop MAC Group from violating NPI's trademark rights. NPI states and alleges as follows:

**THE PARTIES**

1. NPI is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 8410 Dallas Ave S., Seattle, Washington 98108.

2. Upon information and belief, MAC Group is a corporation organized and existing under the laws of the State of New York, having a place of business at 75 Virginia Road, White Plains, New York 10603. Upon information and belief, MAC Group also does business under, or serves as the exclusive distributor for, the brand name Kupo.

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**JURISDICTION AND VENUE**

3. In this action, NPI alleges that MAC Group has engaged in (1) Trade Dress Infringement, 15 U.S.C. § 1114; (2) Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a); and (3) Unfair Business Practices, RCW 19.86 *et seq*.

4. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114, 1121, and 1125, and 28 U.S.C §§ 1331 and 1338(a) and (b). NPI also asserts claims under Washington law, which are so related to the federal question claims that they are part of the same case and controversy, and therefore fall within the scope of this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over MAC Group because MAC Group has engaged in business activities in and directed to this judicial district and the State of Washington and has committed the tortious acts complained of in this judicial district and the State of Washington. Upon information and belief, MAC Group is a marketer, distributor, and retailer of mounts for a variety of devices that violate NPI's trade dress rights. MAC Group sells its infringing products directly through its website to the public throughout the United States, including this judicial district. MAC Group also distributes its infringing products throughout the United States, including this judicial district, to retailers including Amazon.com.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b).

**NPI'S BUSINESS AND TRADEMARK**

7. NPI was founded by Jeff Carnevali in Seattle in 1992 and is in the business of manufacturing and selling, among other things, mounting systems and device mounting solutions including its highly successful product line of RAM Mounting Systems. The most innovative product line of its kind, RAM continues to evolve into one of the most sought-after accessories for electronics. For over two decades, RAM Mounting Systems have received wide acclaim in the industry and consumer press and has established an industry-wide reputation for innovation, quality, and performance. RAM Mounting Systems have become an essential mounting component for a wide variety of applications including rugged vehicle, industrial, military and

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

defense, material handling as well as any application requiring a robust mounting solution.

8. NPI has aggressively enforced its trade dress rights related to the hourglass design ("hourglass design trade dress"). For example, in the early 2000s after NPI's competitor Gamber-Johnson LLC began selling hourglass-shape double-socket arm mounts, NPI brought a lawsuit against it alleging infringement of, *inter alia*, the hourglass design trade dress. In an Amended Consent Judgment entered on October 2, 2006 by this Court, the parties stipulated that "NPI also has a protectable trade dress in the hour-glass shaped profile of its double-socket RAM Mount products [and] this trade dress is nonfunctional and has acquired secondary meaning with consumers." Thus, the Court "enjoined [Gamber-Johnson] from infringing NPI's trade dress, comprising the distinctive hourglass-shaped profile of NPI's double-socket RAM Mount devices, for the life of the trade dress." A true and correct copy of the Amended Consent Judgment is attached hereto as **Exhibit A**.

9. On May 23, 2012, NPI filed an application with the PTO to register its hourglass design trade dress on the Principal Register. On December 4, 2012, the PTO granted the application as amended for the "MARK CONSIST[ING] OF A THREE-DIMENSIONAL CONFIGURATION OF A DOUBLE-SOCKET MOUNT ARM THAT IS TAPERED IN THE MIDDLE LIKE AN HOURGLASS" registered under U.S. Trademark Reg. No. 4,254,086 and issued to NPI. A true and correct copy of the registration certificate is attached hereto as **Exhibit B**. The registration certificate also contained a drawing of the following trade dress shape with the limitation: "THE DOTTED LINES OUTLINING THE ENDS OF THE MOUNT AND THE ADJUSTMENT KNOB INDICATE PLACEMENT OF THE MARK ON THE GOODS AND ARE NOT PART OF THE MARK":



FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511



The registration is valid and subsisting, and NPI has been the continuous owner of the hour-glass shaped profile of a double-socket mount device trade dress from 1992 to the present. NPI's website provides notice that "[t]he Hourglass Shape is a registered trademark of National Products Inc."

10. On September 30, 2015, NPI brought a lawsuit alleging infringement of the hourglass design trade dress by Arkon Resources, Inc. Following trial, a jury found that NPI's registered trade dress is valid, and that Arkon Resources had willfully infringed the registered trade dress. On June 7, 2019, the Ninth Circuit affirmed the jury's finding of willful infringement.

**MAC GROUP'S UNLAWFUL ACTIONS**

11. On information and belief, MAC Group has been marketing, distributing, and selling products containing double-socket mount arms that have the appearance of an hourglass design such that it is confusingly similar to NPI's hourglass design trade dress, including but not limited to the following MAC Group product models marketed under the Kupo brand name: Super Knuckle (KG018311), Super Knuckle with Hex Baby Pin (KG017711), Super Knuckle with Baby Receiver (KG017811), and Super Knuckle VESA Monitor Mount Kit (KG027111) (collectively, "MAC Group Infringing Mount Devices").

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASH NGTON 98101
TELEPHONE 206.389.4510
FACS M LE 206.389.4511

12. Upon information and belief, MAC Group sells MAC Group Infringing Mount Devices from its website to consumers throughout the United States, including this district and the State of Washington.

13. Upon information and belief, MAC Group also distributes its MAC Group Infringing Mount Devices to retailers for sale throughout the United States, including this district and the State of Washington.

**FIRST CLAIM FOR RELIEF**
**(Federal Trade Dress Infringement under 15 U.S.C. § 1114)**

14. NPI realleges and incorporates by this reference herein each and every allegation set forth in paragraphs 1 through 13 above.

15. NPI owns all rights, title, and interests in and to, and holds the first, superior, and exclusive rights to use the mark identified on the PTO Principal Register under Registration No. 4,254,086.

16. MAC Group's use in its products of NPI's registered hourglass design trade dress, or of a confusingly similar variation thereof, is likely to cause confusion, or mistake, or to deceive others into believing that MAC Group's products are manufactured, offered, sponsored, authorized, licensed, of similar quality to, or otherwise connected or affiliated with NPI and NPI's RAM Mounting Systems.

17. MAC Group either had actual notice and knowledge, or had constructive notice by the PTO's placement of the mark on the Principal Register and NPI's notice of ® with the mark on NPI's RAM Mounts website prior to MAC Group's adoption and use of NPI's registered trade dress.

18. Upon information and belief, MAC Group's acts are deliberate and intended to confuse the public as to the source of the MAC Group Infringing Mount Devices, to injure NPI, and to reap the benefits of NPI's goodwill associated with NPI's trade dress.

19. As a direct and proximate result of MAC Group's willful and unlawful conduct, MAC Group has damaged and will continue to damage NPI's business, market, reputation, and

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

goodwill, and may discourage current and potential customers from dealing with NPI. Such irreparable damage will continue unless MAC Group is enjoined from infringing NPI's registered trade dress.

20. MAC Group's acts have damaged and will continue to damage NPI, and NPI has no adequate remedy at law.

21. In light of the foregoing, NPI is entitled to injunctive relief prohibiting MAC Group from using NPI's trade dress or any trade dress confusingly similar thereto for any purpose, and to recover from MAC Group all damages that NPI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by NPI as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

22. Pursuant to 15 U.S.C. § 1118, NPI also asks the Court for an order forcing MAC Group to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in MAC Group's possession that infringe upon NPI's rights.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))**

23. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22 above.

24. NPI's distinctive and non-functional registered trade dress is a designation of origin that identifies NPI as the exclusive source of the RAM Mount double-socket mount arm devices, and distinguishes NPI's goods from the goods of others in the marketplace.

25. MAC Group's use of NPI's trade dress in its goods constitutes false designation of origin and/or false or misleading representation. MAC Group's use of an identical or confusingly similar variation of NPI's trade dress is likely to cause confusion, or mistake, or to deceive others into believing that MAC Group's products are manufactured, offered, sponsored, authorized, licensed, of similar quality to, or otherwise connected or affiliated with NPI and NPI's RAM Mounting Systems.

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

26. Such false designation of origin and or representation constitutes unfair competition and is an infringement of NPI's rights in its trade dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. MAC Group either had actual notice and knowledge, or had constructive notice by the PTO's placement of the mark on the Principal Register and NPI's notice of ® with the mark on NPI's RAM Mounts website prior to MAC Group's adoption and use of NPI's registered trade dress.

28. Upon information and belief, MAC Group's acts are deliberate and intended to confuse the public as to the source of the MAC Group Infringing Mount Devices, to injure NPI, and to reap the benefits of NPI's goodwill associated with NPI's trade dress.

29. As a direct and proximate result of MAC Group's willful and unlawful conduct, MAC Group has damaged and will continue to damage NPI's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with NPI. Such irreparable damage will continue unless MAC Group is enjoined from infringing NPI's registered trade dress.

30. MAC Group's acts have damaged and will continue to damage NPI, and NPI has no adequate remedy at law.

31. In light of the foregoing, NPI is entitled to injunctive relief prohibiting MAC Group from using NPI's trade dress or any trade dress confusingly similar thereto for any purpose, and to recover from MAC Group all damages that NPI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by NPI as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

32. Pursuant to 15 U.S.C. § 1118, NPI also asks the Court for an order forcing MAC Group to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in MAC Group possession that infringe upon NPI's rights.

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASH NGTON 98101
TELEPHONE 206.389.4510
FACS M LE 206.389.4511

**THIRD CLAIM FOR RELIEF**

**(Unfair Business Practices — RCW 19.86 *et seq.*)**

33. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 32 above.

34. MAC Group's use of NPI's trade dress to promote, market, or sell products in Washington constitutes an unfair business practice pursuant to RCW 19.86 *et seq*. MAC Group's use of NPI's trade dress is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to NPI.

35. MAC Group's actions violate RCW 19.86 *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, NPI respectfully requests that the Court enter judgment against MAC Group as follows:

a. That the Court issue preliminary and permanent injunctive relief against MAC Group, and that MAC Group, its officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with MAC Group, be enjoined and restrained from offering for sale, marketing, or selling any product which includes an hourglass design or any confusingly similar variation thereof;

b. That the Court find MAC Group's acts complained of herein unlawful as constituting unfair competition, false designation of origin, and trade dress infringement under the causes of action asserted in this Complaint;

c. That the Court require that MAC Group deliver up for destruction all products, labels, signs, prints, advertisements, and other articles that infringe NPI's statutory trade dress rights, or are a result of any false designation of origin or unfair competition by MAC Group;

d. That the Court order an accounting of all gains, profits and advantages derived from MAC Group's wrongful acts;

e. That the Court award NPI all gains, profits, and advantages derived by MAC Group for its unlawful acts;

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

f. That the Court award NPI all damages caused by MAC Group's unlawful acts;

g. That the Court award NPI treble damages as provided by law;

h. That the Court award NPI its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

i. That the Court grant NPI all other relief to which it is entitled and such other or additional relief as is just and proper.

**DEMAND FOR JURY TRIAL**

NPI hereby demands a trial by jury of all issues so triable.

NATIONAL PRODUCTS, INC.

By its attorneys,

Dated: August 23, 2019

FENWICK & WEST LLP

By: s/*David K. Tellekson*

David K. Tellekson, WSBA No. 33523
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: dtellekson@fenwick.com

*Attorney for Plaintiff*
*National Products Inc.*